NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**M. SHANE HERNANDEZ,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

_____

2019-1817

_____

Petition for review of the Merit Systems Protection Board in No. SF-0752-19-0053-I-1.

_____

Decided: January 17, 2020

_____

M. SHANE HERNANDEZ, Kailua Kona, HI, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; JOHN SCHETTLER CHAMBLEE, Office of the General Counsel, United States Department of Defense Education Activity, Peachtree City, GA.

_____

Before PROST, *Chief Judge,* MOORE and HUGHES, *Circuit Judges.*

PER CURIAM.

The Merit Systems Protection Board affirmed the Department of Defense Education Activity's decision to remove pro se appellant M. Shane Hernandez from his position. Mr. Hernandez appeals the Board's final decision, arguing that he was improperly removed. Because we find no error in the Board's decision, we affirm.

I

Mr. Hernandez worked as a teacher for the Department of Defense Education Activity (DODEA). He taught as a United States citizen at the Yokosuka Naval Base in Japan. On January 20, 2018, Mr. Hernandez crashed his car near the Base. Japanese police, responding to the accident, arrested him after they determined his blood alcohol level was over the Japanese legal limit. The Japanese police notified the Naval Police, who then notified the DODEA.

In response to this misconduct, the DODEA entered into a Last Chance Agreement (LCA) with Mr. Hernandez. The agreement required that the DODEA suspend Mr. Hernandez for 30 days, after which the DODEA would retain his employment provided that he did not engage in "similar or other misconduct" for the ensuing three-year period. Resp. App. 38.[1]

After entering the agreement, Mr. Hernandez pleaded guilty in Japanese court to criminal charges stemming from driving under the influence. The Japanese court convicted him on those charges, and he received a suspended sentence. The Navy subsequently ordered his removal

---

[1] Resp. App. refers to the Supplemental Appendix included with the Respondent's brief.

from Japan based on Commander Naval Forces, Japan, Instruction 5820.16E (Navy Instruction). *See* Resp. App. 40–49. That instruction generally requires that individuals in positions like Mr. Hernandez's be removed to the United States after they are convicted in Japanese court for a criminal offense and returned to U.S. custody after receiving a suspended sentence. *See id.* at 48.

Once removed from Japan, Mr. Hernandez could not report for duty at his DODEA teaching position. The principal of Mr. Hernandez's school in Japan, a DODEA official, then proposed his removal based on his inability to report for duty. The DODEA sustained his proposed removal over Mr. Hernandez's opposition. Mr. Hernandez then appealed the DODEA's removal action to the Board.

In an Initial Decision, the Administrative Judge affirmed the DODEA's removal action. Mr. Hernandez argued that his 30-day suspension as part of the agreement barred his removal because both disciplinary measures were based on the same misconduct—the drunk driving incident. But the Administrative Judge disagreed, finding that the DODEA entered the agreement based on Mr. Hernandez's drunk driving incident, and then removed him based on his later inability to report for duty. The Administrative Judge also rejected Mr. Hernandez's argument that the agreement required the DODEA to maintain his employment, possibly by transferring him to a different work location if he could not stay in Japan.

The Administrative Judge's decision became final on April 11, 2019. Resp. App. 27. Mr. Hernandez appeals from the final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

II

Congress requires that we uphold Board decisions unless they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained

without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c). We review the Board's legal determinations de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). "Underlying factual determinations are reviewed for substantial evidence." *McMillan v. Dep't of Justice*, 812 F.3d 1364, 1371 (Fed. Cir. 2016). And we review the rulings of an Administrative Judge on evidentiary issues for abuse of discretion. *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012). As the petitioner, Mr. Hernandez bears the burden of proving that the Board erred. *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016).

First, Mr. Hernandez argues that the DODEA's removing him from his position constituted constructive suspension and that the Board erred in not considering it as such. Thereby, he argues that the Board needed to apply the legal standards applicable to constructive suspension. These include advising him of the applicable burden of proof and applying the legal test for constructive suspension. *See Wynn v. U.S. Postal Serv.*, 115 M.S.P.R. 146, 150 (M.S.P.B. Nov. 2, 2010) (holding that "it was incumbent on the administrative judge to advise the appellant of applicable burdens of proving a particular affirmative defense, as well as the kind of evidence the appellant is required to produce to meet his burden"). But constructive suspension requires "an [employee's] involuntary absence from an agency for more than 14 days," as the Board can find when an employee is on medical leave and an agency prevents them from returning to work. *Rosario–Fabregas v. Merit Sys. Prot. Bd.,* 833 F.3d 1342, 1346 (Fed. Cir. 2016) (emphasis removed). A removal action is not a constructive suspension. *See id.* And to the extent that Mr. Hernandez argues that the Administrative Judge generally failed to explain the burden of proof, we disagree. The Administrative Judge issued a Hearing Order on November 20, 2018 listing the applicable burdens of proof. Resp. App. 55–60.

Mr. Hernandez next argues, as he did before the Board, that the DODEA improperly disciplined him twice for the same misconduct: first his 30-day suspension as part of the agreement and then his outright removal, both premised on the drunk driving incident. "Where an agency has imposed disciplinary or adverse action because of an employee's misconduct, it is barred from subsequently taking another adverse action for the same reason." *Adamek v. U.S. Postal Serv.*, 13 M.S.P.R. 224, 226 (M.S.P.B. Sept. 3, 1982). Substantial evidence supports the Administrative Judge's finding that these disciplinary measures were based on different incidents of misconduct. Mr. Hernandez's suspension was a disciplinary measure for the drunk driving incident. Resp. App. 36–39. The DODEA's later removal action was based on Mr. Hernandez's inability to report for duty following his extradition from Japan. Thus, unlike in *Adamek*, the DODEA did not discipline Mr. Hernandez twice for the same misconduct, as "the act of driving drunk is separate and distinct from the act of being unable to report for duty." Resp. App. 14.

Third, Mr. Hernandez continues to argue that the Board failed to enforce the agreement in his favor. Particularly, paragraph 7(a) of the agreement states that the DODEA "[a]grees to afford the EMPLOYEE an opportunity, during the time frame of this agreement, to become a cooperative and productive member of the AGENCY's workforce." Resp. App. 38. Mr. Hernandez argues that this language requires that the DODEA employ him anywhere in its workforce, not just in Japan, as the DODEA has many schools outside Japan where the agency could have transferred him. Yet paragraph 7(b) of the agreement next states that the DODEA "[a]grees not to propose removal to the EMPLOYEE for the misconduct described above so long as the EMPLOYEE does not engage in similar or other misconduct for a period of three years beginning on the date of this signed agreement." Resp. App. 38. And Mr. Hernandez's inability to report for duty following the

signing of the agreement is "other misconduct" as contemplated in paragraph 7(b). Thus, we agree with the Administrative Judge that, contrary to Mr. Hernandez's arguments, the DODEA was "not obligated under the settlement agreement to continue to employ the appellant or to transfer him" regardless of future misconduct. Resp. App. 25.

Lastly, Mr. Hernandez argues that the Administrative Judge improperly denied his request to call Mr. Frison as a witness. Mr. Frison "reviewed the settlement agreement for legal sufficiency and provided legal advice on the agency's subsequent removal action." Resp. App. 16 n.5. Because Mr. Frison had factual knowledge of the agreement, Mr. Hernandez argues that he was a witness that the Administrative Judge should have permitted him to depose. And, thereby, Mr. Hernandez argues that Mr. Frison's potential role as a witness conflicted him from continuing to act as agency counsel during the removal action. *See* 5 C.F.R. § 1201.31(b) ("A party may choose any representative as long as that person is willing and available to serve. The other party or parties may challenge the designation, however, on the ground that it involves a conflict of interest or conflict of position."). We disagree; Mr. Hernandez's desire to call Mr. Frison as a witness does not create a conflict as contemplated by 5 C.F.R. § 1201.31(b). Mr. Frison was only performing his role as agency counsel and, as the Administrative Judge held, "reviewing such actions before issuance to determine legal sufficiency is not somehow inconsistent with agency policy or the law, or nefarious as a general matter." Resp. App. 16 n.5. Thus, the Board did not abuse its discretion in denying Mr. Hernandez's request to call Mr. Frison as a witness and in finding no conflict.

## III

We have considered Mr. Hernandez's remaining arguments and find them unpersuasive. Because the Board did

not abuse its discretion during the proceedings, properly applied the law, and substantial evidence supports its findings, we affirm the Board's final decision.

## AFFIRMED

No costs.